

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00094-CR
## NO. 02-11-00095-CR

AARON DALE CAMPBELL                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

### FROM THE 271ST DISTRICT COURT OF WISE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Aaron Dale Campbell waived his right to a jury trial and entered open pleas of guilty to possession of a firearm by a felon and chemical transport with intent to manufacture a controlled substance. *See* Tex. Penal Code Ann. § 46.04(a) (West 2011); *see also* Tex. Health & Safety Code Ann. § 481.124(a)(1) (West 2010). Campbell also pleaded true to enhancement

---

[1]*See* Tex. R. App. P. 47.4.

paragraphs contained in one of the indictments. Campbell now appeals his convictions of five years' and fifteen years' confinement. We will affirm.

Campbell's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). We gave Campbell the opportunity to file a pro se brief, and he did not file one. The State also did not file a brief.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Because Campbell entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Campbell's plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

2

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 21, 2012